# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. DAVIS, | 1:09-CV-01812 OWW GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| BRENDA CASH, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on May 8, 2007, of five counts of second degree burglary. Allegations that Petitioner had suffered a prior prison term were found true for each count. On June 6, 2007, Petitioner was sentenced to serve a determinate term of six years and eight months in state prison.

Petitioner filed a timely notice of appeal. On June 10, 2008, the California Court of

---

[1] This information is derived from the state court records lodged by Respondent with his response and is not subject to dispute.

1

1  Appeal, Fifth Appellate District (hereinafter "Fifth DCA"), affirmed Petitioner's judgment. He

2  then filed a petition for review in the California Supreme Court. The petition was summarily

3  denied on August 21, 2008.

4       On October 15, 2009, Petitioner filed a federal habeas petition. He presents the following

5  claims for relief: The trial court improperly used a single conviction to impose both an

6  enhancement and an upper term; and, Defense counsel rendered ineffective assistance by failing

7  to object to the aggravated sentence. On July 29, 2010, Respondent filed an answer to the

8  petition. Petitioner did not file a traverse.

## STATEMENT OF FACTS[2]

> Appellant Gerald Anthony Davis was convicted by jury trial of five counts of second degree burglary in violation of Penal Code [FN1] section 460, subdivision (b). The jury, in a bifurcated proceeding, found as to each count that Davis had suffered a prior conviction of section 243, subdivision (c) (battery of custodial officer), for which he served a prior prison term within the meaning of section 667.5, subdivision (b). [Citation.] The trial court sentenced Davis to the upper term of three years on count one, plus a consecutive one-year enhancement for the prior prison term. In addition, the court sentenced Davis to consecutive eight-month sentences for each of the remaining counts, for a total term of six years eight months. [Citation.]
>
> FN1. All further references are to the Penal Code.
>
> When imposing the upper term, the trial court stated it found no factors in mitigation other than the expression of a certain amount of remorse. [Citation.] In contrast, it found a number of circumstances in aggravation, including a substantial number of prior adult convictions and juvenile adjudications; a prior California Department of Corrections and Rehabilitation, Juvenile Justice, commitment; Davis's status as a probationer and parolee when he committed the offenses; and past unsatisfactory performance on probation and parole. [Citation.]
>
> The facts of the case are not relevant to the issues on appeal. In summary, Davis committed the offenses by entering various grocery stores and stealing wallets out of the purses of unsuspecting shoppers.

(See Lodged Doc. No. 4.)

## DISCUSSION

I.    <u>Jurisdiction</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody

pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

---

[2] The Fifth DCA's summary of the facts in its June 10, 2008, opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Thus, the Court adopts the factual recitations set forth by the Fifth DCA.

or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.     Standard of Review

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death  Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70 (2003).  Under the AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other

words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v.

4

Cockrell, 537 U.S. 322, 340 (2003).  Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law.  See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

III.    Review of Claims

   A.   Dual Use of Facts

Petitioner first alleges the trial court improperly used the fact of a single conviction to impose an enhancement as well as an upper term.  Petitioner presented this claim on direct appeal to the Fifth DCA and California Supreme Court.  Because the California Supreme Court's opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

In denying Petitioner's claim, the appellate court stated:

> Davis claims the trial court improperly used a single conviction, the adult felony conviction, both to impose the prior prison-term enhancement and to justify imposition of the upper term. He claims this is an improper dual use of facts. The People counter that the issue is waived because the challenge was not raised at sentencing. Davis responds that if waiver precludes review on appeal, he was denied effective assistance of counsel at sentencing.
>
> We agree the issue has been waived. The failure to lodge an objection to a trial court's sentencing choices at the time of sentencing concerning its use of mitigating and aggravating factors generally constitutes a waiver of the issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353-355.) Post- *Scott* cases unanimously agree that the waiver principle applies when a defendant fails to object to what he or she later considers to be an improper dual use of facts to impose the upper term. (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518; *People v. de Soto* (1997) 54 Cal.App.4th 1, 6-10; *People v. Erdelen* (1996) 46 Cal.App.4th 86, 90-91; *People v. Brandon* (1995) 32 Cal.App.4th 1033, 1054.)
>
> Furthermore, any claim for ineffective assistance of counsel fails because Davis cannot establish that counsel's performance was deficient when reviewed by an objective standard of reasonableness under prevailing professional norms (*People v. Ledesma* (1987) 43 Cal.3d 171, 216; *People v. Fosselman* (1983) 33 Cal.3d 572, 583-584), and he

5

> cannot show that it is reasonably probable, but for counsel's failings, he would have received a more favorable sentence. (*Strickland v. Washington* (1984) 466 U.S. 668, 691-692.)
>
> First, there is no duty to interject a meritless objection. (*People v. Cudjo* (1993) 6 Cal.4th 585, 616; *People v. Majors* (1998) 18 Cal.4th 385, 403.) The section 243 conviction was properly used to enhance Davis's sentence pursuant to section 667.5, subdivision (b). However, the trial court's imposition of the upper term did not rest on the section 243 conviction; it rested on Davis's extensive criminal history, his status as a parolee and probationer at the time the offenses were committed, and his prior failure to perform satisfactorily on parole and probation-he continued to offend. These are proper reasons separate and distinct from the section 243 conviction for choosing the upper term. Second, even had counsel's objection been for some reason sustained, given the extent of Davis's criminal history and his obvious failure to reform, it is highly unlikely the trial court would have given Davis a lighter sentence. Prejudice must be a demonstrable reality. (*People v. Williams* (1988) 44 Cal.3d 883, 937.) Because Davis cannot show prejudice, he cannot succeed on his ineffective-assistance-of-counsel claim. (*People v. Maury* (2003) 30 Cal.4th 342, 389 [defendant bears burden to prove prejudice affirmatively].)

(See Lodged Doc. No. 4.)

The claim is without merit as it is based on the state court interpretation of state law, and Petitioner does not argue the violation of clearly established Supreme Court precedent. Issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Accordingly, the state court's interpretation of its dual-use doctrine does not present a cognizable federal habeas claim.

Even if the trial court committed error in using the conviction to impose the upper term in addition to the enhancement, any error was harmless. See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (Federal habeas relief is only available by a showing that the violation of a federally guaranteed right had a "substantial and injurious effect or influence in determining the jury's verdict."). In this case, there were several other factors in aggravation, including prior convictions, that the trial court relied on to impose the upper term. There were no factors in mitigation. Therefore, even if the trial court had not considered the prior prison term, there is no

6

1 reasonable probability the court would have selected a middle term.  The claim should be denied.

2 See 28 U.S.C. § 2254(d).

### B.  Cunningham Error

Petitioner also alleges that the trial court committed constitutional error by imposing an upper term based on facts not found by a jury in violation of Supreme Court precedent as set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 549 U.S 270 (2007). Like Petitioner's first claim, this claim was  presented on direct appeal and denied.  The appellate court issued the last reasoned decision, as follows:

> "Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"(*Cunningham v. California* (2007) 549 U.S. 270 [127 S.Ct. 856, 868].) While acknowledging that an aggravated term may be imposed by a sentencing court based on a prior conviction without violating the rule in *Cunningham* (*Almendarez-Torres v. United States* (1998) 523 U.S. 224; *Cunningham, supra,* at p. ---- [127 S.Ct. at pp. 860, 864, 868] ), Davis claims that, to the extent the trial court relied on its subjective determination that Davis had a "substantial number" of prior convictions, the trial court ran afoul of the *Cunningham* requirements. Davis concedes this issue has been decided against him in *People v. Black* (2007) 41 Cal.4th 799 (*Black II* ), but argues that *Black II* is incorrectly decided and wishes to preserve the issue for federal review.
>
> In *Black II*, a case sent back-to-back to the California Supreme Court a second time after remand from the United States Supreme Court for reconsideration in light of *Cunningham v. California, supra,* 549 U.S. at p. ---- [127 S.Ct. 856], the California Supreme Court held that, as long as a *single* aggravating circumstance that renders a defendant eligible for the upper-term sentence has been established in accordance with the requirements of *Apprendi v. New Jersey* (2000) 530 U.S. 466 and its progeny, any additional fact-finding engaged in by the trial court in selecting the appropriate sentence among the three available options does not violate the defendant's right to a jury trial. (*Black II, supra,* 41 Cal.4th at p. 812.) Once a defendant is eligible for the upper term, the constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances. Judicial fact-finding in the course of selecting a sentence within the authorized range does not implicate the jury-trial and reasonable-doubt components of the Fifth and Sixth Amendments. (*Black II, supra,* at p. 813.) We are of course bound by the holding of the California Supreme Court in *Black II. (Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.)
>
> As we have already stated, in addition to the section 243 conviction, there were a number of other convictions and juvenile adjudications in Davis's criminal history.[FN2] It is this history of recidivism that authorized imposition of the upper term. (*Black II, supra,* 41 Cal.4th at p. 816.) In addition, prior unsatisfactory performance on probation or parole falls within this exception; it is a recidivism-related factor that can be determined by reference to court records pertaining to Davis's prior convictions, sentences, probations, and paroles. The same is true for the court's finding that the current offenses were committed while Davis was on probation or parole. (*People v. Yim* (2007) 152

1  Cal.App.4th 366, 371.) We find the upper term was properly imposed.

> FN2. We acknowledge that the issue of whether a juvenile adjudication can, for purposes of *Cunningham,* justify imposition of the upper term is currently under review by the California Supreme Court in *People v. Nguyen,* review granted October 11, 2007, S154847. However, even if the juvenile adjudications are discounted, there are a number of adult misdemeanors establishing Davis's recidivist behavior and the additional factors identified by the court to support the imposition of the upper term.

(See Lodged Doc. No. 4.)

In Apprendi v. New Jersey, the Supreme Court held that "'any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" 530 U.S. 466, 476 (2000), *quoting* Jones v. United States, 526 U.S. 227, 243 n. 6 (1999).  This holding, including the exception for a defendant's criminal history, has been upheld by the Supreme Court in several subsequent cases. See James v. United States, 550 U.S. 192, 214 n.8 (2007); Cunningham v. California, 549 U.S. 270, 274-75 (2007); United States v. Booker, 543 U.S. 220, 230-31 (2005); Blakely v. Washington, 542 U.S. 296, 301 (2004). In Cunningham, the case relied on by Petitioner, the Supreme Court held that the middle term in California's sentencing scheme is the statutory maximum. 549 U.S. at 288. Nevertheless, the criminal history exception was retained. Id. at 275 ("[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, *other than a prior conviction*, not found by a jury or admitted by the defendant.") (emphasis added).

Petitioner contends that the trial court's selection of the upper term based on several factors including his "numerous prior convictions," his poor performance on probation and parole, and the fact he was on parole and probation at the time of the offense, does not come within the prior conviction exception.  In Butler v. Curry, the Ninth Circuit construed the exception narrowly to include only "the fact of a prior conviction" or "facts directly reflected in the documents of conviction, not to secondary 'facts that are derived or inferred' from a prior conviction of from the conviction documents." 428 F.3d 624, 645 (9th Cir.2008).  Nevertheless, other courts, state and federal, have interpreted the prior conviction exception more broadly.  In this case, the state court reasonably determined that the prior conviction exception included

1  Petitioner's numerous prior adult and juvenile convictions as well as his prior unsatisfactory
2  performance on parole or probation.  As the Ninth Circuit acknowledged in <u>Kessee v. Mendoza-</u>
3  <u>Powers</u>, 574 F.3d 675 (2009), although these factors may not comport with the Ninth Circuit's
4  narrow view of the exception, the state court's interpretation to the contrary does not contravene
5  AEDPA standards, because the Supreme Court has not given explicit direction and because the
6  state court's interpretation is consistent with many other courts' interpretations.  28 U.S.C.
7  § 2254(d).  The claim should be rejected.

       C.   <u>Ineffective Assistance of Counsel</u>

Petitioner claims counsel rendered ineffective assistance in failing to object to the aggravated sentence.   This claim was also raised on direct appeal and rejected by the state courts. In the last reasoned decision, the appellate court stated:

> Furthermore, any claim for ineffective assistance of counsel fails because Davis cannot establish that counsel's performance was deficient when reviewed by an objective standard of reasonableness under prevailing professional norms (*People v. Ledesma* (1987) 43 Cal.3d 171, 216; *People v. Fosselman* (1983) 33 Cal.3d 572, 583-584), and he cannot show that it is reasonably probable, but for counsel's failings, he would have received a more favorable sentence. (*Strickland v. Washington* (1984) 466 U.S. 668, 691-692.)
>
> First, there is no duty to interject a meritless objection. (*People v. Cudjo* (1993) 6 Cal.4th 585, 616; *People v. Majors* (1998) 18 Cal.4th 385, 403.) The section 243 conviction was properly used to enhance Davis's sentence pursuant to section 667.5, subdivision (b). However, the trial court's imposition of the upper term did not rest on the section 243 conviction; it rested on Davis's extensive criminal history, his status as a parolee and probationer at the time the offenses were committed, and his prior failure to perform satisfactorily on parole and probation-he continued to offend. These are proper reasons separate and distinct from the section 243 conviction for choosing the upper term. Second, even had counsel's objection been for some reason sustained, given the extent of Davis's criminal history and his obvious failure to reform, it is highly unlikely the trial court would have given Davis a lighter sentence. Prejudice must be a demonstrable reality. (*People v. Williams* (1988) 44 Cal.3d 883, 937.) Because Davis cannot show prejudice, he cannot succeed on his ineffective-assistance-of-counsel claim. (*People v. Maury* (2003) 30 Cal.4th 342, 389 [defendant bears burden to prove prejudice affirmatively].)

(<u>See</u> Lodged Doc. No. 4.)

The law governing ineffective assistance of counsel claims is clearly established.  <u>Canales v. Roe</u>, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Lowry v. Lewis</u>, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner

must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate prejudice, that is, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S. at 694. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

In order to demonstrate ineffective assistance of counsel in the context of a guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

In this case, it is clear the state court reasonably determined that Petitioner failed to demonstrate deficient performance by counsel, or that the alleged deficiency resulted in prejudice. First, the trial court's use of the prior conviction to select the upper sentence and impose the enhancement was proper according to California law. Counsel cannot be faulted for

failing to raise a meritless objection. James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994), *cert. denied*, 513 U.S. 935 (1994); Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989).  Second, as discussed by the appellate court, there is no reasonable probability the outcome would have been different had counsel objected.  There were numerous legitimate factors in aggravation that the trial court relied on to select the upper term separate from the prior conviction, and there were no factors in mitigation.  Therefore, Petitioner fails to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law.  28 U.S.C. § 2254(d)(1). The claim should be denied.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be DIRECTED to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 25, 2010**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE